**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**MOHAMED A. HAFEZ,**

        **Plaintiff,**

      **v.**                                                   **1:05-CV-337**
                                                                    **(GLS/RFT)**

**JERYL L. MUMPOWER, Vice President of Academic Affairs; PETER A. BLONIARZ, Dean, School of Information Science; FRANCES REYNOLDS, Assistant Dean, School of Information Science; and UNIVERSITY AT ALBANY,**

        **Defendants.**

---

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |

**FOR THE PLAINTIFF:**

MOHAMED A. HAFEZ
*Pro Se*
1151 Crane Street
Schenectady, NY 12303

**FOR THE DEFENDANTS:**

| | |
|---|---|
| HON. ELIOT SPITZER | GERALD J. ROCK |
| Attorney General | Assistant Attorney General |
| State of New York | |
| The Capitol | |
| Albany, New York 12224 | |

**Gary L. Sharpe**

**U.S. District Judge**

# DECISION AND ORDER

## I. Introduction

Pending is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *Dkt. No.6*. For the reasons that follow, defendants' motion is GRANTED.

## II. Procedural History

Plaintiff *pro se* Mohamed Hafez commenced this action pursuant to 42 U.S.C. §§ 1981 and 1983.[1] He alleges racial and ethnic discrimination related to the denial of admission to a Ph.D. program at the State University of New York at Albany (SUNY). On April 6, 2005, the defendants filed a motion to dismiss in lieu of an answer. *Dkt. No. 6*. All responsive papers have now been filed. *See Dkt. Nos. 7 & 8*.

## III. Facts

Hafez applied for admission to the SUNY Ph.D. program in Information Science for the Fall 2002. Frances Reynolds, Assistant Dean, called Hafez to inquire about his "visa status." Hafez informed Reynolds

---

[1] He also alleges violations of the New York Human Rights Law.

2

that he was a United States citizen, as he had marked on his application, and thus did not require a visa. Reynolds responded that according to her database of people of Arab descent, he required a visa. Reynolds also asked him to submit a GRE test score. She informed Hafez that if he wanted a waiver of this requirement, he had to write to the program's admissions director, Dr. Peter Bloniarz. Hafez contacted Dr. Bloniarz by email and called him without receiving a response. Thereafter, Hafez provided his GRE scores.

Subsequently, Reynolds conducted an interview with Hafez. Although Hafez was told that the interview would include Dr. Bloniarz, he only met with Reynolds. In September 2002, his application for admission was denied. Hafez was told that he would be considered for rolling admission if he sent a second background and goal statement to Reynolds. He was never admitted to the program.

On March 31, 2003, Hafez sent a letter complaining about his treatment to SUNY President Karen Hitchcock. Hitchcock forwarded his complaint to Dr. Jeryl L. Mumpower, Dean of Graduate Studies, and to the Office of Diversity and Affirmative Action Investigation. Mumpower sent Hafez a few emails but did nothing else. In August 2004, Hafez received

3

the conclusion of the investigation. The letter stated that Hafez wa deneid admission because his "skills and research interest failed to win faculty interest." It also noted that two unnamed faculty members had refused to sponsor his study.

## IV.  DISCUSSION

### A.  Legal Standard

In this case, the defendants move for dismissal under both Rules 12(b)(1) and 12(b)(6). "The court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993). Dismissal under Rule 12(b)(1) is proper where the court is without statutory or constitutional authority to decide the case. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."

Whether considering a motion under Rule 12(b)(1) or 12(b)(6), the court must accept as true all material factual allegations in the complaint.

4

*See Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Thus, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phelps v. Kapnolas*, 308 F.3d 180,184 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The task of the court in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)).

However, when considering motions to dismiss a *pro se* complaint such as this, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s]." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks and citation omitted). This is especially true when dealing with *pro se* complaints alleging civil rights violations. *See Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002). The court now turns to the sufficiency of the claims.

5

**B.**     **Eleventh Amendment Immunity**

The defendants argue that Hafez's claims for money damages against SUNY are barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "Although by its terms the Amendment applies only to suits against a State by citizens of another State, the Amendment's applicability has been extended to suits by citizens against their own States." *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363-64, (2001) (citation omitted). "For Eleventh Amendment purposes, the State University of New York and its colleges are an integral part of the government of the State of New York and when they are sued, the State is the real party." *Garcia v. SUNY Health Sciences Cte*, 280 F.3d 98, 107 (2d Cir. 2001). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Id.* Here, SUNY has clearly not consented to suit in a federal forum. Thus, no relief, either legal or equitable, is available against SUNY. Accordingly, SUNY is dismissed from this suit.

6

### C. Retaliation

Hafez claims that he was "retaliated against for sending a complaint to the university president." *Compl.* ¶ 5. The letter of complaint was mailed to SUNY's president in March of 2003, six month after his application was denied. Thus, his complaint letter could not have been the reason for the denial of his application for admission. Accordingly, on these facts, Hafez has failed to allege a retaliation claim.

### D. Conclusory Allegations

Generally, "complaints relying on civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). Here, Reynolds is mentioned in the complaint twice. Specifically, she allegedly questioned Hafez about his visa status and stated that he was on a list of people of Arab descent who needed a visa. Hafez states nothing else to show how her question was used to prejudice his application.

The second reference to Reynolds involves an admission interview. Hafez does not allege that she engaged in any unlawful conduct during the

7

interview. Again, he fails to allege what Reynolds actually did to prejudice his application and/or affect his admission. Accordingly, Hafez has failed to state a claim against Reynolds and she is dismissed from this suit.

Hafez's allegations against Bloniarz also fail to state a claim. Hafez contends that Bloniarz did not meet with him for an admission interview. Hafez fails to allege how this violated his rights and/or impacted his admission. Accordingly, Bloniarz is also dismissed from this suit.

Finally, Mumpower apparently was named in this lawsuit because he conducted the investigation into Hafez's allegations. However, the complaint is devoid of any facts involving Mumpower. Without more, the complaint fails to allege a retaliation claim. Accordingly, Mumpower is also dismissed from this suit. Therefore, for the reasons stated, Hafez's complaint is dismissed in its entirety.

### E.  Amended Complaint

In his response, Hafez asks for leave to file an amended complaint in order to add a cause of action under "Title VI of the Civil Rights Acts of 1964." The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader

is entitled to relief," FED.R.CIV.P. 8(a)(2), and that each averment be "concise, and direct," FED.R.CIV.P. 8(e)(1). "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).  In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous.  *See id*. at 86-87 (2d Cir. 1995).

Therefore, Hafez is advised that he is to file an amended complaint **within forty-five (45) days** from the date of filing of this Order.  Any such amended complaint, which shall supersede and replace in its entirety the previous complaint filed by him, must contain a caption that clearly identifies, by name, each individual that Hafez is suing in the present lawsuit and must bear the case number assigned to this action.  The body of Hafez's complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  Thus, if Hafez claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation,

with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

Hafez's amended complaint shall be filed with the Court **within forty-five (45) days** from the date of the filing of this Order.  Any person not named in the amended complaint shall not be a defendant in the instant action.  Hafez is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.  He shall submit only one amended complaint in accordance with the terms of this Order.  Hafez is forewarned that his failure to file such a pleading will result in dismissal of this action without further Order of the Court.

**WHEREFORE**, it is hereby

**ORDERED**, that defendants' motion to dismiss is granted in all respects; and it is further

**ORDERED**, that plaintiff file with the Court **within forty-five (45) days** from the date of the filing of this Order, an amended complaint which

complies fully with the terms of this Order as detailed above; and it is further

**ORDERED**, that if plaintiff fails to file such an amended complaint **within forty-five (45) days** from the date of the filing of this Order, the instant action be dismissed without further order of this Court due to plaintiff's failure to comply with the terms of this Order, and it is further

**ORDERED**, that upon full compliance by plaintiff with this Order as directed above, the file in this matter be returned to the Court for further review, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

Albany, New York
August 4, 2005

_____
Gary L. Sharpe
U.S. District Judge